Clarke *vs.* Levy.

HENRY E. CLARKE, county treasurer, plaintiff in error, *vs.*
SAMUEL LEVY, Ordinary, defendant in error.

The Act of October 30th, 1870, establishing a system of common schools
and reorganizing the county boards of education, taken in connection
with the Constitution of 1868, abolishing the Inferior Court, and cast-
ing its duties upon the Ordinary, is a repeal by implication of section
378 of the Code, making the Ordinaries the treasurers of the boards of
education of their respective counties. The treasurer of the county,
and not the Ordinary, is now by law the treasurer of the board of edu-
cation.

*Mandamus.* County Board of Education. Educational
Tax. Before Judge GIBSON. Richmond Superior Court.
June Adjourned Term, 1871.

On the 28th day of October, 1871, Samuel Levy, Ordi-
nary, filed his petition for *mandamus* against John A. Bohler,
Tax Collector, and obtained an order requiring him to show
cause on the 28th day of October, 1871, in term time, why
he should not pay over to him the educational tax of said
county, amounting to $14,000, alleged to have been levied
by said Ordinary, upon the recommendation of the grand
jury. It appeared that the amount of $14,000 was ordered
to be raised by the Ordinary, and by order of the county
board of education, pursuant to the recommendation of the
grand jury. The tax was recommended by the grand jury
at the Spring Term of the Superior Court, 1871, and collec-
ted during that year. On the return day of the order, dur-
ing the regular Adjourned Term, the Collector answered, ad-
mitting the facts set forth in the petition. At the hearing
the County Treasurer and county board of education were
made parties, with the right to except as if the writ of *man-
damus* had issued for or against them. The Court held that
the Collector having collected said tax under the assessment
of the Ordinary, under the direction of the grand jury, he
should pay the same to said Ordinary, taking his receipt
therefor as Ordinary and *ex officio* treasurer of the school

Clarke *vs.* Levy.

funds, first giving each one of his sureties notice of the same. Whereupon Henry E. Clarke, the County Treasurer, excepted.

FRANK H. MILLER, for plaintiff in error.

W. H. HULL; BARNES & CUMMING, for defendant.

McCAY, Judge.

It is very evident that it was the intent of the Legislature, by the Act of 1870, to put the education fund of counties, so far as it came from the State fund, into other hands than the hands of the Ordinary, and it would be no unfair assumption to say that, as it can hardly be supposed it was intended there should be two disbursers of the educational fund, the presumption is that the change was intended to apply also to any fund the counties might raise. But we think section 378 of the Code, making the Ordinary the treasurer is inconsistent with the Constitution of 1868. That instrument makes the Ordinary, in effect, the general manager of the county affairs. It clothes him with the powers and casts upon him the duties of the Justices of the Inferior Court. It would be the duty of the Ordinary to *take* a bond from the disburser of this fund. Perhaps, also, it would be his duty to issue execution against him and his securities for it, if the fund was misapplied. Can he take a bond from himself? Can he perform towards and against himself the duties of the office he holds? We think not. His duties as Ordinary are inconsistent with any such position as disburser of this fund, and this section of the Code fell with the adoption of the Constitution of 1868. The County Treasurer is the proper holder of county monies, and as no other person is specially pointed out, we think the disbursement of the fund belongs to his office.

Judgment reversed.